Sidney Ross Deegan III F-72524
Name and Prisoner/Booking Number

High Desert State Prison B-2-136
Place of Confinement

P.O. Box 3030
Mailing Address

Susanville, CA 96127
City, State, Zip Code

FILED
Nov 04, 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Sidney Ross Deegan III,
(Full Name of Plaintiff)
Plaintiff,

v.

(1) State of California,
(Full Name of Defendant)
(2) Department of Corrections,
(3) Warden ~~M. E. Spearman~~ Pickett,
(4) A.W. K. Thornton,
Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:19-cv-2219 AC (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

Jury trial Demanded

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   - ☐ Other: ______.

2. Institution/city where violation occurred: H.D.S.P. Susanville.

5) Physician S. Abdur-Rahman
6) Mental Health Clinician M. Boretz
7) Senior Psychologist Specialist A. Bowers
8) Disability Placement Program Teacher M. Pierson
9) Health Care Compliance Analyst A. Renaud
10) Health Care Grievance Coordinator S. Sisson
11) Appeals Staff Services Analyst A. Wannamaker

## B. DEFENDANTS

1. Name of first Defendant: State of California. The first Defendant is employed as: Government over C.D.C.R. (Position and Title) at High Desert State Prison (Institution).

2. Name of second Defendant: California D.O.C. The second Defendant is employed as: Agency over (Position and Title) at High Desert State Prison (Institution).

3. Name of third Defendant: ~~M. E. Spearman~~ Pickett. The third Defendant is employed as: Warden (Position and Title) at High Desert State Prison (Institution).

4. Name of fourth Defendant: K. Thornton. The fourth Defendant is employed as: Assistant Warden (Position and Title) at High Desert State Prison (Institution).

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☒ No

2. If yes, how many lawsuits have you filed? N/A. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: N/A v. N/A
   2. Court and case number: N/A
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) N/A

b. Second prior lawsuit:
   1. Parties: N/A v. N/A
   2. Court and case number: N/A
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) N/A

c. Third prior lawsuit:
   1. Parties: N/A v. N/A
   2. Court and case number: N/A
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) N/A

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

5) S. Abdur-Rahman, the fifth Defendant is employed as: Physician at High Desert State Prison.

6) M. Boretz, the sixth Defendant is employed as: Mental Health clinician at High Desert State Prison.

7) A. Bowers, the seventh Defendant is employed as: Senior Psychologist Specialist at High Desert State Prison.

8) M. Pierson, the eighth defendant is employed as: Disability Placement Program Teacher at High Desert State Prison

9) A. Renaud, the ninth defendant is employed as: Health Care Compliance Analyst at High Desert State Prison.

10) S. Sisson, the tenth defendant is employed as: Health Care Grievance Coordinator at High Desert State Prison

11) A. Wannamaker, the eleventh defendant is employed as: Appeals Staff Services Analyst At High Desert State Prison.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Americans With Disabilities Act (ADA), Federal Statute 42 U.S.C. Section 12101.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Mail ☐ Access to the court ☒ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ____________

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On June 5th, 2019 I notified RAP (Reasonable Accommodation Panel) which is comprised of all the defendants, that I suffer from severe right hip and back pain which is made far worse by my extremely flat mattress. On June 3rd, 2019 I submitted a request via an 1824 form (Reasonable Accommodation Request) requesting an extra mattress chrono to help me Alleviate some of the pain i'm suffering from, I also said a simple foam top ~~mattress~~ for my mattress would be sufficient too. I also explained that my hardships at night make it difficult for me to function the following day. I never received an interview so I could show them my mattress. Furthermore, RAP's response never states ~~of~~ why they denied my accommodation request. Their response was misleading because they said my request was aproved with modification, but my request was denied in full. Their response failed to meet the time constraints for the grievances, and their denial of my request is out of compliance of the Court ordered Armstrong Remedial Plan.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

I continue to suffer from a constant hip and lower back pain due to the inaction of all the defendants.

5. **Administrative Remedies:**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No

b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No

c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ____________

## CLAIM II

1. State the constitutional or other federal civil right that was violated: Eighth Amendment of the U.S. Const.: Cruel and unusual punishment.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

- ☐ Basic necessities
- ☐ Mail
- ☐ Access to the court
- ☒ Medical care
- ☐ Disciplinary proceedings
- ☐ Property
- ☐ Exercise of religion
- ☐ Retaliation
- ☐ Excessive force by an officer
- ☐ Threat to safety
- ☐ Other: ______

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

The defendants, Warden ~~M. E. Spearman~~ Pickett, ~~A.W. Assist~~ Associate Warden (A.W.) K. Thornton, Physician S. Abdur-Rahman, Mental Health Clinician M. Boretz, Senior Psychologist Specialist A. Bowers, Disability Placement Program Teacher M. Pierson, Health Care Compliance Analyst A. Renaud, Health Care Grievance Coordinator S. Sisson, and Appeals Staff Services Analyst A. Wannamaker failed to make reasonable accommodations for my painful dissabilities, when they denied my request for reasonable accommodations, which did not impose undue financial and administrative burdens nor did my request require a fundamental alteration in the nature of any program. Furthermore, my request ~~was~~ that I came up with was insignificant, minute, and frivolous.

Thus, the defendants failed to meet my medical needs for my painful dissability nor did they furnish the assistance that I require in order for me to live a minimally decent life while in prison.

When I notified the defendants of my pain that was caused by my mattress they became aware of the cruel condition I was living in and their failure to act in order to remedy the cruel conditions shows that they were deliberately indifferent too!

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

~~For~~ For months I have continued to have sleepless nights, tossing and turning, and dealing with a constant hip and back pain that carries in to the following day. I can't sit to long or stand to long which makes activities imposs ble.

5. **Administrative Remedies.**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No

b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No

c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A

## CLAIM III

1. State the constitutional or other federal civil right that was violated: The Fourteenth Amendment "Equal Protection of the Law".

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities ☐ Mail ☐ Access to the court ☒ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

The defendants (3-11) have discriminated against me because I made ~~them~~ the defendants aware that an inmate (James Adam Webb # BA-7824) has similar injuries and suffer from ~~his~~ similar pain caused by the same cruel condition as me was able to receive a second mattress chrono which helped him alleviate his pain. Yet still they denied my simple request for Accommodation, Thus denying me Equal protection. They did not treat me as a similarly situated person, instead I was treated differently.

Therefore, I have been treated differently from others similarly situated, intentionally and without rational basis.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

I was deprived of my Constitutionally protected right under the Fourteenth Amendment, "Equal Protection of the law" clause to be treated equally as others and because of this, I continue to suffer pain.

5. **Administrative Remedies.**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No

b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No

c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

I am seeking Compensatory, Nominal, and Punitive damages. I am also seeking a preliminary injunction and a Declaratory Judgment.

The Compensatory, Nominal, and Punitive damages is for the mental, emotional and physical injuries.

The preliminary injunction is to get temporary relief while awaiting the final decision.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/26/19
DATE

Sidney Ross Deegan III
SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

10/28/19
Sidney Ross Deegan III, F-72524
High Desert State Prison
P.O. Box 3030 B-2-136-L
Susanville, CA 96127

Declaration In Support of Deegan's Motion For the Appointment of Counsel

Sidney Ross Deegan III states:

1. I am the Plaintiff in the above-entitled case. I make this declaration in support of my motion for this appointment of counsel.

2. The complaint in this case alleges that Deegan was subjected to prolonged physical pain that was a direct result of being denied a reasonable accommodation which led to mental and emotional injury.

3. This is a complex case because it contains several different legal claims, with each claim involving a very different set of laws that are each very complex in and of themselves.

4. One such complex issue is Deegan's assertion that his federal protection under the A.D.A (Americans with Disabilities Act) was violated in addition to his constitutionally protected rights which means that congress has abrogated the state of California's Eleventh Amendment protection.

5. The case involves medical issues that may require expert testimony.

6. Deegan has demanded a jury trial.

7. The testimony will be in sharp conflict, since Deegan believes that the defendants will not admit to making any egregious mistakes, or to any wrong doing.

8. The case will require discovery of documents and depositions of several witnesses.

9. Deegan is currently serving a sentence at High Desert State Prison, which is a level 4 facility that has a minimal amount of program and the lack of program makes it extremely difficult to visit the law library to conduct legal research and practically has no ability to investigate the facts of the case, such as other inmates who were also granted 2nd mattress chronos that share a likeness to Deegan's specific situation.

10. As set forth in the memorandum of law submitted with this motion, these facts, along with the legal merit of Deegan's claims, support the appointment of counsel to represent Deegan.

Wherefore, Deegan's motion for appointment of counsel should be granted.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the forgoing is true and correct.

Sighned this 28TH day of October, 2019.

Sidney Ross Deegan III F-72524
Sidney Ross Deegan III

Memorandum of Law In Support of Deegan's Motion For The Appointment of Counsel

Statement of the Case

This is a civil rights case filed under 42 U.S.C. section 1983 by a state prisoner and asserting claims for the violations of the Americans with Disabilities Act (A.D.A.), federal statute 42 U.S.C. section 12101, Eighth Amendment of the United States Constitution under the Cruel and Unusual Punishment clause, and the Fourteenth Amendment of the United States Constitution under the Equal Protection of the law clause. Deegan seeks damages as to all his claims and an injunction to ensure a proper granting of Deegan's A.D.A. request for Reasonable Accommodation.

Statement of Facts

The complaint alleges that Deegan was improperly denied his request for reasonable accommodation. The egregious denial of his reasonable accommodation request was out of compliance with the court ordered Armstrong Remedial Plan. Deegan asserts that his right hip and lower back pain is excruciating due to the deplorable state his mattress is in. Deegan also states that no one gives him an interview, nor did anybody from R.A.P. (Reasonable Accommodation Panel) examine Deegan's deplorable mattress. Deegan also assert that due to the defendants deliberate indifference he continues to go through excruciating pain that keeps him from being able to sleep.

This lack of sleep has adverse effects on Deegan's every day activities including, but not limited to his ability to focus enough to bring about his own suit under a section 1983 suit. Furthermore, the defendants have discriminated against Deegan because another inmate (James Adam Webb # BA-7824) with a very similar situation was afforded the same relief that Deegan sought for his own pain.

Argument

The Court Should Appoint Counsel For Deegan

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigant to investigate the facts, the existence of conflicting testimony, the ability of the indigant to present his claims and the complexities of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Each of these factors weighs in favor of appointment of counsel in this case.

1. Factual Complexity. Deegan alleges that several defendant were out of compliance of the court ordered Armstrong Remedial Plan (ARP), which violates the federal statutes 42 U.S.C. Section 12101. Deegan also asserts that the defendants also violated his constitutional rights. The Supreme Court has held that ~~prisoner~~ prisoners can recover

damages for A.D.A violations that are also violations of the Constitution, and congress has abrogated the State's Eleventh Amendment immunity in this instance, U.S. v. Georgia 546 U.S. 151, 155-60, 126 S. Ct. 877 (2006). The Eleventh Amendment law has become so confusing over the years that even the courts admitted long ago that it doesn't make much sense, Eng v. Coughlin, 858 F.2d 889, 897 (2d Cir. 1988) ("not... a model of logical symmetry, but marked rather by a baffling complexity"); Spicer v. Hilton, 618 F.2d 232, 235 (3d Cir. 1980) ("Any step through the looking glass of the Eleventh Amendment leads to a wonderland of judicially created and perpetuated fiction and paradox.") The above supports an appointment of counsel.

The sheer number of claims and defendants makes this a factually complex case. In addition, one of Deegan's claims involves denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presance of medical or other issues requiring expert testimony supports the appointment of counsel. Montgomery v. Pinchak, 294 F.3d 492, 503-04 (3d Cir. 2002); Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson V. County of McLean, 953 F.2d 1070, 1073 (7th Cir 1992).

2. The Plaintiff's ability to investigate. Deegan is locked up on a maximum Security yard and has very limited, to no ability to investigate the facts. For example, he is unable to identify, locate, and interview the inmates who are housed in ~~nearby~~ nearby cell blocks that may also have 2nd mattress chronos to alleviate some of their pain. Furthermore, High Desert State Prison often find

any and every reason to not allow the facility to operate program normally, their main reason for not running program is often "short of staff," who can say otherwise, this is a general excuse to not run program as normal which makes it impossible for ~~the~~ Deegan to investigate his claims. He is practically in the same situation with regard to developing the facts as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 388, 391-9 (7th cir. 1991); Gatson v Caughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988). In addition, this case will require considerable discovery concerning the identity of possible witnesses, and any prior history of A.D.A. violations that the defendants may be guilty of, and Deegan's medical history. See Parham v. Johnson, 126 F.3d 454, 459 (3d cir. 1997) (holding counsel should have been appointed because "prisoner's lack of legal experiance and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics . . . these [discovery] rules prevented [the Plaintiff] from presenting an effective case below.").

3. Conflicting testimony. Deegan's account of RAP's denial of his reasonable accommodation request being out of compliance with the court ordered Armstrong Remedial Plan will be squarely in conflict with the statements made by the RAP members. This aspect of the case will be a credibility contest between the defendants and ~~the~~ Deegan (and such inmates witnesses as can be located). The existence of these credibility issues supports the

appointment of counsel. Steele V. Shah, 87 F.3d 1266, 127 (11th Cir. 1996); Gatson V. Coughlin, 679 F. Supp. at 273.

4. The ability of the indigent to present his claim: The Deegan is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Forbes V. Edgar, 112 F.3d 262, 264 (7th Cir 1997). In addition, he is in a facility with very limited access to legal materials. Rayes V. Johnson, 969 F.2d 700, 703-04 (8th Cir 1992) (citing lack for ready access to a law library as a factor supporting appointment of counsel).

5. Legal complexity. The large number of defendants, most of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in both the ADA and constitutional violations to be held liable. Hendricks V. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997) (holding complexity of supervisory liability supported appointment of counsel). In addition, Deegan has asked for a jury trial, which requires much greater legal skill than Deegan has or can develope. Solis V. County of Los Angeles, 514 F.3d 946, 958 (9th Cir 2008) (prisoner with eighth grade education and no legal training is "ill-suited" to conduct a jury trial).

6. Merit of the case. Deegan's allegations, if proved, clearly would establish an ADA as well as a constitutional violation. Deegan will be able to pursue his medical claim under the disability statutes as well as the Eighth Amendment.

The failure to make reasonable accommodation for Deegan's disabilities, "who, with or without reasonable modifications to rules, policies, or practices, the removal of architectual, communication, or transpertation barriers, or the provision of auxiliary aids and services meet [] the essential eligibility requirements for the receipt of services or the participation in programs ~~of~~ or activities provided by a public entity." 42 U.S.C. section 12131. The allegations of denial of medical care amount to an example of unconstitutional deliberate indifference to prisoner's medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). On it's face, then, this is a meritorious case.

Conclusion

For the foregoing reasons, the court should grant ~~the~~ Deegan's motion and appoint counsel in this case.

10/28/19

Sidney Ross Deegan III F-72524
High Desert State Prison
P.O. Box 3030 B-2-136
Susanville, CA 96127