1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SIDNEY ROSS DEEGAN, III ,                    No.  2:19-cv-2219 TLN AC

12               Plaintiff,

13          v.                                    ORDER

14   STATE OF CALIFORNIA, et al.,

15               Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19      I.      Application to Proceed In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                   1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

Plaintiff brings this lawsuit against the State of California, the Department of Corrections, the warden and assistant warden of High Desert State Prison, and seven other individuals who served on the prison's Reasonable Accommodations Panel in June 2019. The complaint alleges that plaintiff requested a disability accommodation in the form of an extra mattress to alleviate his right hip and back pain. The request was denied. Claim One alleges that the denial of the mattress chrono violated plaintiff's rights under the Americans with Disabilities Act. Claim Two asserts that the denial violated plaintiff's Eighth Amendment rights because it was deliberately indifferent to his pain and medical needs. Claim Three alleges that plaintiff's equal protection rights were violated by the denial, because another inmate with similar injuries and similar pain received an extra mattress chrono while plaintiff did not.

IV.    Failure to State a Claim

    A. The State of California and CDCR Cannot Be Sued Under Section 1983

Neither the State of California nor its Department of Correction are "persons" who can be sued under Section 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Furthermore, both the State and its agencies enjoy immunity from suit under the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Because these defendants are

3

1    immune, they are subject to summary dismissal under 29 U.S.C. § 1915A.  If plaintiff includes

2    them in an amended complaint, the undersigned will recommend their dismissal.

3        B.   Claim One: Americans with Disabilities Act

4        Title II of the ADA prohibits discrimination on the basis of disability.  42 U.S.C. § 12132.

5    Prisons may be sued as public entities subject to the statute.  Pennsylvania Dept. of Corrs. v.

6    Yeskey, 524 U.S. 206, 210 (1998).  However, claims based solely on provision of inadequate or

7    negligent medical care are not cognizable under the ADA.  See Simmons v. Navajo County,

8    Ariz., 609 F.3d 1011, 1021-22 (9th Cir. 2010) ("The ADA prohibits discrimination because of

9    disability, not inadequate treatment for disability.")  Here plaintiff complains of inadequate

10   accommodation, not discrimination.  The alleged inadequate response to his request for

11   accommodation is presented in his putative Eighth Amendment claim, which is the proper vehicle

12   for a claim of inadequate response to his disability and pain.

13       Because the ADA does not provide a ground for relief on the facts presented here,

14   amendment would be futile.  Should plaintiff include an ADA claim in an amended complaint,

15   the undersigned will recommend its dismissal.

16       C.   Claim Two: Eighth Amendment

17       A prison official violates the Eighth Amendment only where (1) the alleged deprivation is

18   sufficiently serious, and (2) the prison official acts with the requisite culpable state of mind:

19   deliberate indifference to inmate health or safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

20   In the context of medical care, plaintiff must show (1) a serious medical need by demonstrating

21   that failure to treat a prisoner's condition could result in further significant injury or the

22   unnecessary and wanton infliction of pain, and (2) the defendants response to the need was

23   deliberately indifferent.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Deliberate

24   indifference is established only where the defendant subjectively knows of and disregards an

25   excessive risk to inmate health and safety.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.

26   2004).

27       The facts alleged in the complaint are insufficient to state an Eighth Amendment claim.

28   First, plaintiff has not provided facts showing that the condition for which he sought an extra

4

mattress chrono was "serious" in the sense that failure to provide an additional mattress could result in further significant injury or the unnecessary and wanton infliction of pain. Plaintiff's conclusory allegation that he needed an extra mattress for pain is insufficient. Second, plaintiff had not provided facts demonstrating that defendants were aware that denying the chrono would create an excessive risk of further injury or suffering, and did so anyway because they did not care. Plaintiff has not provided the reasoning for the RAP's denial, and has not presented any circumstances that would support an inference of a culpable state of mind.

Plaintiff will be granted leave to amend this claim.

D. Claim Three: Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike, see City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985), and accordingly protects prisoners from arbitrary state action, see Sandin v. Conner, 515 U.S. 472, 487 n.11 (1995). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based upon his membership in a protected class, Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-602 (2008).

Plaintiff does not allege that he was discriminated against because of membership in a protected class; he alleges that he was denied an extra mattress chrono although a similarly situated inmate received one, and that the disparity was not supported by a rational basis. ECF No. 1 at 7. Plaintiff's conclusory allegations are insufficient to state a claim. The complaint lacks specific factual allegations about plaintiff's disability and that of the other inmate which would support a conclusion that the two are indeed similarly situated. Also, because plaintiff does not explain why his chrono was denied the court cannot tell whether the denial lacked a rational basis. This claim may not proceed as pled. Plaintiff may amend.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo

5

v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief.  You cannot sue the State of California or CDCR.  Your ADA claim cannot proceed because you are alleging that you didn't get an accommodation you needed, not that you were discriminated against because you are disabled.  Your Eighth Amendment claim is the right kind of claim to challenge the denial of the mattress chrono, but it can only move forward if you add facts to the complaint showing (1) that your condition was medically serious, (2) that the defendants knew that failing to give you an extra mattress created an excessive risk that you would be harmed, and (3) that they ignored that when they denied your

6

request.  It would help if an amended complaint included exactly what you told the RAP in your request and the reasons they gave for the denial.  Your equal protection claim cannot go forward unless you add facts showing that you and the other inmate you name had substantially similar conditions and needs.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to follow.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 10, 2021

_allison Clare_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE